UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| ORION ENERGY SYSTEMS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| JAMES INDUSTRY GROUP USA, LTD. and JAMES INDUSTRY GROUP (CHINA) CO., LTD., | ) ) ) ) |
| Defendants. | ) ) ) |

Case No.

## COMPLAINT

Orion Energy Systems, Inc. ("Orion"), by and for its Complaint against Defendants James Industry Group USA, Ltd. and James Industry Group (China) Co., Ltd. (collectively, "James") alleges to the Court as follows:

## PARTIES

1. Orion is a company organized and existing under the laws of the State of Wisconsin, with a principal place of business located in this District at 2210 Woodland Drive, Manitowoc, Wisconsin 54220.

2. Orion is informed and believes that James Industry Group USA, Ltd. is a limited liability company located in Atlanta, Georgia. Upon information and belief, Atlanta is the U.S. Headquarters for James.

3. Orion is informed and believes that James Industry Group (China) Co., Ltd. is a Chinese limited liability company with a principal place of business located at R1205

(S01), 12/FL, Tai Sang Bank Building, 130-132 Des Voeux Road, Central, Hong Kong.

## JURISDICTION AND VENUE

4. This is an action for patent and trademark infringement arising out of the unauthorized offering for sale and selling of certain troffer retrofit systems in violation of Orion's patent and trademark rights. Because this is an action for infringement under the patent laws, 35 U.S.C. § 271, *et seq.*, and trademark laws, 15 U.S.C. § 1114, *et seq.*, of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Orion's common law trademark infringement claim pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over James in that, at all times pertinent hereto, upon information and belief, James has transacted business and is currently transacting business on a systematic and continuous basis within the State of Wisconsin. More specifically, upon information and belief, James is distributing, marketing, promoting, offering for sale, and selling its MagicRetrofit Kit LED Retrofit Kit in this District and is committing infringing acts in Wisconsin and this District.

6. Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because James is subject to personal jurisdiction in this District, due at least to their substantial business in Wisconsin and this District.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 9,206,948

7. Orion repeats and realleges each and every allegation contained in paragraphs 1-6, inclusive, as though fully set forth herein.

8. Orion is the assignee and owner of United States Patent No. 9,206,948 ("the

'948 patent").

9. The '948 patent, entitled "Troffer Light Fixture Retrofit Systems and Methods," was duly and legally issued by the United States Patent and Trademark Office on December 8, 2015. A true and correct copy of the '948 patent is attached hereto as Exhibit A.

10. The '948 patent is valid and enforceable.

11. Without permission or authorization from Orion and in violation of 35 U.S.C. § 271(a), James is distributing, marketing, promoting, offering for sale, and selling in this District and elsewhere in the United States, certain troffer retrofit kits, including, but not limited to the MagicRetrofit Kit LED Retrofit Kit, which is available in multiple sizes ("Products-in-Suit"), that infringe at least one claim of the '948 patent.

12. To the extent that any marking or notice was required by 35 U.S.C. § 287, Orion has complied with the requirements of that statute by providing actual and/or constructive notice to James of its infringement of the '948 patent. After becoming aware of James' infringing activities, Orion, by way of its counsel, delivered a cease and desist letter to James, on or around February 19, 2016, alerting James to Orion's rights in the '948 patent and the inventions protected therein. Notwithstanding Orion's cease and desist letter, James has continued to advertise, offer to sell, and sell the Products-in-Suit.

13. James' infringement of the '948 patent has been and continues to be willful and deliberate.

14. James' conduct has caused and will continue to cause Orion substantial damage, including irreparable harm, for which Orion has no adequate remedy at law, unless and until James is enjoined from infringing the '948 patent.

# COUNT II

## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

15. Orion repeats and realleges each and every allegation contained in paragraphs 1-14, inclusive, as though fully set forth herein.

16. The word trademark LDR is the subject of U.S. Trademark Registration No. 4,902,694 ("the '694 registration"), a true and correct copy of which is attached hereto as Exhibit B. Orion registered this mark for use with LED lighting fixtures that it first used in commerce at least as early as October 2014. Orion continues to use this mark with its high-performance, energy efficient lighting platforms including its LED troffer retrofit systems for which Orion is well known in the industry. The '694 registration is in full force and effect.

17. In advertising the Products-in-Suit, which compete with Orion's troffer retrofit systems, James has adopted and is using "LDR" to identify its products. More specifically, in a full-page advertisement in the March 2016 issue of LD +A , which is a monthly trade publication published by the Illuminating Engineering Society of North America, James refers to an example of the Products-in-Suit as LED Magic Door **LDR** Kit (emphasis added).

18. Upon information and belief, James' distribution, marketing, promotion, offering for sale, and sale of the Products-in-Suit that bear the mark LDR is likely to cause confusion, mistake, or deception as to the source, affiliation or sponsorship of James' products. As a result of James' unauthorized use of the LDR mark, which is confusingly similar to Orion's federally registered LDR trademark, the public is likely to believe that James' Products-in-Suit either come from or have been approved by, sponsored by, or are affiliated with Orion.

19. Orion has not consented to James' use of its LDR trademark.

4

20. Upon information and belief, despite its actual and/or constructive knowledge of Orion's ownership and prior use of the LDR mark, James has continued to use the LDR mark without Orion's authorization or consent.

21. Upon information and belief, James is using "LDR" in a deliberate and willful attempt to trade upon the valuable goodwill of Orion's mark LDR and the LED lighting fixtures to which it refers.

22. James' unauthorized use of Orion's LDR trademark falsely represents James' Products-in-Suit as emanating from or being authorized by Orion. This unauthorized use and marketing under Orion's LDR mark places Orion's valuable reputation and goodwill into the hands of James and James' inferior quality Products-in-Suit over which Orion has no control.

23. James' infringement of Orion's mark is willful, intended to reap the benefit of the valuable goodwill associated with Orion and its mark, and violates § 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

24. Orion has been, is now, and will be irreparably harmed by James' aforementioned acts of infringement, and unless enjoined by the Court, James will continue to infringe upon Orion's valuable trademark and compromise Orion's goodwill, reputation, and ability to provide LED lighting fixtures under its LDR trademark. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## COUNT III

### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

25. Orion repeats and realleges each and every allegation contained in paragraphs 1-24, inclusive, as though fully set forth herein.

26. James' distribution, marketing, promotion, offering for sale, and sale of the Products-in-Suit under Orion's LDR mark constitute false designation of origin and false description or representation that James' Products-in-Suit originate from or are authorized by Orion, when in fact they are not.

27. James' acts as alleged herein constitute, among other things, false designation of origin, false or misleading description of fact, or false or misleading representation of fact which are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association, or approval of the Products-in-Suit.

28. As a result of James' unauthorized use of "LDR" in a form and format that is confusingly similar to Orion's LDR mark, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of the Products-in-Suit.

29. James' conduct is willful, is intended to reap the benefit of Orion's goodwill, and violates § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

30. Unless enjoined, James will continue its infringing conduct.

31. Orion has been, is now, and will be irreparably harmed by James' aforementioned acts of infringement, and unless enjoined by the Court, James will continue to infringe upon Orion's trademark and compromise Orion's goodwill, reputation, and ability to provide LED lighting fixtures under Orion's LDR trademark. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## COUNT IV

### COMMON LAW TRADEMARK INFRINGEMENT

32. Orion repeats and realleges each and every allegation contained in paragraphs 1-31, inclusive, as though fully set forth herein.

6

33. James' conduct as described herein constitutes trademark infringement under the statutory and common laws of the State of Wisconsin.

## PRAYER FOR RELIEF

Wherefore, Orion respectfully prays for entry of a judgment:

A. That James has infringed the '948 patent;

B. That James and its respective agents, servants, officers, directors, employees and all persons in privity or active concert or participation with it, directly or indirectly, be preliminarily and permanently enjoined from infringing the '948 patent;

C. That James be ordered to account for and pay to Orion damages adequate to compensate for its infringement of the '948 patent, including lost profits and/or reasonable royalty;

D. That a post-judgment equitable accounting of damages be ordered for the period of infringement of the '948 patent following the period of damages established by Orion at trial;

E. That damages be trebled for the willful, deliberate, and intentional infringement by James as alleged herein in accordance with 35 U.S.C. § 284;

F. That this case be adjudged an exceptional case under 35 U.S.C. § 285 and that Orion be awarded its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by James;

G. That a preliminary and permanent injunction be issued enjoining James and its respective agents, servants, officers, directors, employees and all persons in privity or active concert or participation with it, directly or indirectly, be preliminarily and permanently enjoined from:

(i) using the mark LDR, or any other trademark that is confusingly similar to Orion's mark LDR for LED lighting fixtures, or making any other unlawful use of Orion's mark LDR;

(ii) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that James' Products-in-Suit offered under the mark LDR by James is in any manner associated or connected with Orion, and/or is licensed, sponsored, approved, or authorized by Orion; and

(iii) engaging in any other activity constituting unfair competition with Orion, or constituting infringement of its mark LDR;

H. That all letterhead, business cards, signage, domain names, social media handles, advertising, promotional materials, displays, and any other materials in tangible or electronic form that James or any of its agents possess that bear the mark LDR or any colorable imitation of Orion's mark LDR, and all plates, molds, matrices, and other means for making the same in the possession or control of James or any of its agents, to be delivered up to Orion to hold and preserve during the pendency of this civil action and thereafter for destruction;

I. That awards Orion its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), arising out of James' acts of willful trademark infringement and unfair competition;

J. That awards Orion an accounting of all profits, gains, and advantages derived by James as a result of its acts complained of herein;

K. That awards Orion its costs, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b);

L. That the Court direct such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any products offered,

advertised, or promoted by or on behalf of James is authorized by Orion or related in any way to Orion and its LED lighting fixtures;

M. For an award of pre-judgment interest, post-judgment interest, and costs in this action; and

N. For such other relief to Orion as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Orion demands a trial by jury on all issues so triable.

Dated: March 29, 2016

**FOLEY & LARDNER LLP**

By: s/ Kadie M. Jelenchick
Kadie M. Jelenchick, WI Bar No. 1056506
**Foley & Lardner LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: 414.271.2400
Facsimile: 414.297.4900
E-mail: kjelenchick@foley.com

*Counsel for Plaintiff Orion Energy Systems, Inc.*